# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BANK OF NEW YORK, formerly known as The Bank of New York, As Trustee on behalf of The Holders of the Alternative Loan Trust 2006-OC11, Mortgage Pass Through Certificates Series 2006-OC11** | : : : : : : : : : : : : | **CIVIL ACTION** |
| **v.** | | |
| **ROBERT BRUCE FAZIO and UPPER INDIAN HEAD ROAD DEVELOPMENT, LLC, REAL OWNER** | | **NO. 19-3907** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                    **September 5, 2019**

In removing this mortgage foreclosure action from the state court, the defendants contend that the federal court has subject matter jurisdiction based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship pursuant to 28 U.S.C. § 1332. Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

A defendant removing a case from state court under § 1331 bears the burden of demonstrating federal jurisdiction. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). Additionally, removal statutes are to be strictly construed against removal, and all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham*

*Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002). A defendant can remove an action from state court when there is a federal question. *Smith v. Indus. Valley Title Ins. Co.,* 957 F.2d 90, 92 (3d Cir. 1992) (citing *Caterpillar*, 482 U.S. at 392); 28 U.S.C. §§ 1331 and 1441. To confer federal question jurisdiction, the claim must arise under the Constitution, treaties, federal statutes or administrative regulations. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *Hagans v. Lavine*, 415 U.S. 528, 536 (1974). For jurisdiction under § 1331, the federal question must be "substantial." *Hagans*, 415 U.S. at 537-38.

Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists only when a federal question is presented "on the face" of the complaint. *Berne Corp. v. Government of The Virgin Islands*, 570 F.3d 130, 136 (3d Cir. 2009) (quoting *Caterpillar*, 482 U.S. at 392). The plaintiff's "statement of his own cause of action" must arise from or be grounded upon federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Federal jurisdiction cannot be based on an actual or anticipated defense. *Id.*

According to the complaint filed in the state court in 2014, defendant Robert Bruce Fazio executed a note, which was ultimately assigned to BNY, in the amount of $750,000.00 and secured by a mortgage on Fazio's residence located in Collegeville, Pennsylvania. BNY alleges that Fazio defaulted on his mortgage payments, and seeks

an *in rem* judgment for foreclosure and sale of the property against Fazio and defendant Upper Indian Head Road Development, LLC, the current owner of the property.[1] In their removal notice, the defendants contend that BNY is in violation of their due process rights under the U.S. Constitution as well as the "Truth in Lending Act of 1968" by engaging in "illicit and unlawful mechanisms and schemes" to try to force the sale of the property.[2] The alleged illicit schemes were attaching an "incorrect" Loan and Security Agreements and Disclosure Statement to the complaint, refusing to produce the original note or mortgage assignment and obtaining the mortgage assignment "by means of fraud and fil[ing] it of record."[3]

There is no federal question on the face of the complaint. The plaintiff's cause of action is based entirely on state law claims for foreclosure of the mortgage and is not grounded upon any federal law. As the basis for federal jurisdiction, in the notice of removal the defendants describe inconsequential actions by the plaintiff and make vague references to a federal statute and the Constitution in an apparent effort to assert a federal defense to the state law claim. As we have pointed out, the well-pleaded complaint rule bars federal jurisdiction on the basis of an actual or anticipated federal defense.

Nor have the defendants met their burden of showing that there is diversity jurisdiction. I"[J]urisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). Residency in a state is insufficient to establish citizenship of an

---

[1] Compl. ¶¶ 2-5, 8, 10 (Doc. No. 1 at ECF 11-13).

[2] Not. of Removal ¶ 7, second ¶ 4 (Doc. No. 1 at ECF 2, 3).

[3] *Id.* ¶¶ 1-2, 7-9.

individual. *Id.* at 35; *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (Allegations pertaining solely to a litigant's "residency," as opposed to "citizenship" or "domicile," is "jurisdictionally inadequate in [a] diversity of citizenship case."). For citizenship of a corporation, one must specify the state of incorporation and its principal place of business. *Hertz Corp.*, 559 U.S. at 88; 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen of any state in which its members are citizens. *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014). Neither the complaint nor the notice of removal adequately avers the citizenship of any party. The complaint states that BNY has "an office and place of business" in Salt Lake City, Utah, that Fazio "resides" in Collegeville, Pennsylvania, and that Upper Indian "is located" in Collegeville.[4] The removal notice adds nothing, merely repeating that Fazio "reside[s] at his residence" in Collegeville.[5]

Because the plaintiff's complaint does not present a federal question sufficient to support jurisdiction under 28 U.S.C. § 1331, and the removal notice does not sufficiently aver the citizenship of any party to enable us to determine if there is diversity jurisdiction, we shall remand this action for lack of subject matter jurisdiction.

---

[4] Compl. ¶¶ 1-3 (Doc. No. 1 at ECF 11-12).

[5] Not. of Removal ¶ 1 (Doc. No. 1 at ECF 2).